ADALINE A. FLEMING et al., complainants,

v.

GEORGE C. LEIBE, defendant.

[Submitted October 20th, 1923.   Decided November 10th, 1923.]

Where the guardian of a lunatic invested funds of the estate in the purchase of property, and had such property conveyed to him as guardian, without the authority of and without the approval of either the orphans court or the chancellor, and the guardian subsequently sells and conveys such property, such conveyance is validated by *P. L. 1920 p. 244,* and *P. L. 1922 p. 219,* which acts were apparently passed to validate and confirm all conveyances of the character of the one in question.

On bill, &c.

*Mr. Arthur M. Birdsall,* for the complainants.

*Mr. Benjamin B. Pearce,* for the defendant.

FOSTER, V. C.

This is a suit for the specific performance of a contract for the sale of certain real estate situate in Belmar, Monmouth county.

The case has been submitted on the bill and answer and on a stipulation of counsel to the effect that these pleadings "embrace the entire state of the case."

From the facts thus presented it appears that on July 15th, 1918, Eben D. Newman was appointed by the orphans court of Monmouth county guardian of the person and property of Frederick A. Newman, a lunatic.

On September 12th, 1918, the Land and Loan Company conveyed to Eben D. Newman, as guardian aforesaid, lots Nos. 26, 27, 28, 29 and 30, on a certain tract in the borough of Belmar.

That funds belonging to the lunatic, and in the possession of the guardian as such, were paid for the purchase of, and as the consideration for, this conveyance.

On April 2d, 1920, Eben D. Newman, as guardian of the lunatic, conveyed to complainants the same property.

On April 7, 1923, the parties to this action entered into the agreement in question for the sale and purchase of the above-mentioned lots Nos. 26, 27 and 28, and the westerly five feet of lot No. 29, for $5,000, the title to pass on April 20th, 1923. The deed for the premises was duly tendered by complainants and refused by defendant, on the ground that the conveyance of the property by the guardian of the lunatic to the complainants was defective and invalid, because it was made without authority and without the approval and confirmation of either the orphans court or the chancellor, as required by the provisions of section 7 of the act relating to idicts, lunatic and drunkards. *2 Comp. Stat. p. 2788.*

Complainants' answer to this objection is that the conveyance to complainants is valid and effectual for the purpose of passing title, because it has been validated by the provisions of chapter 111 (*P. L. 1920 p. 244*), and by chapter 124 (*P. L. 1922 p. 219*), both passed subsequent to the date of the conveyance from the guardian to complainants. Both of these acts are practically identical in their terms and they provide that:

"Whenever any executor * * * guardian * * * shall have heretofore with the funds, or any part thereof, in his possession as such, purchased any real estate as * * * guardian * * * without authority by law or by his trust to make such instrument; and shall have heretofore sold such lands as purchased, such conveyances are hereby confirmed and made valid; provided, that nothing herein contained shall be construed to release from liability to the estate such * * * guardian by reason of such improper purchase or conveyance."

And all acts inconsistent with these acts were repealed, and these acts took effect immediately.

It will be observed that these acts relate to guardians of all kinds, without qualification, and it will also be noticed that every element necessary to make these acts applicable to the

present situation is shown by the facts above recited, except that it is not shown that the guardian's investment of the lunatic's funds in these lands was "without authority by law or by his trust." From the absence of any claim or allegation in the bill or answer that such investment was lawfully made, it will be assumed that it was made without authority by law or by the trust and the missing element will thus be supplied.

Defendant contends these acts do not apply to conveyances made by the guardian of a lunatic; but he gives no reason to support this assertion. The purpose of the acts is as broad and general in its term and scope as it can be expressed; there is nothing in either act to indicate that it is not intended to apply to the guardian of a lunatic, as well as to any other kind of guardian. Under the title of "guardians, &c." (*2 Comp. Stat. p. 2681*), guardians of lunatics are included with guardians of minors and others, and no reason has been suggested why the court should assume the right to limit the remedial purpose of the legislature in the enactment of these validating acts.

Defendant further contends that these acts only apply to cases where the funds invested without authority have come into the possession of the guardian by way of descent.

As no facts are presented nor authority cited to support this assertion, and as no such exception is made in the validating acts, I have assumed that this contention is not seriously relied on, and I will advise a decree for complainants.